UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

LISA GARZON,

        Plaintiff,

vs.

VISION FINANCIAL
COLLECTION SERVICES, CORP.,

        Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. This action arises from a violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et. Seq.*, by VISION FINANCIAL COLLECTION SERVICES, CORP., ("Defendant").

**JURISCITION AND VENUE**

2. Jurisdiction for the purpose of this action is appropriate under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. Venue in this District is proper because Defendants do business in the District and the acts or omissions giving rise to the claims asserted herein occurred here.

**PRELIMINARY STATEMENTS**

4. The FDCPA broadly prohibits any false, deceptive, or misleading communications made in connection with the collection of a time-barred debt.

5. Abusive practices arising from the collection of time-barred debt are not uncommon. See Federal Trade Commission, Collecting Consumer Debt; The Challenge of Change, A Workshop

Report at 27-29 (Feb.2009); *see also FTC v. Asset Acceptance, LLC.,* Case No.: 8:12CV182 (M.D. Fla. January 31, 2012) available at http://www.ftc.gov/opa/2012/01/asset.shtm (settlement and payment of civil fine for attempting to collect on time-barred debt); *In re. Am. Express Centurion Bank, Salt Lake City, Utah,* FDIC-12-316k, 2012-CFPB-0002 (October 1, 2012), at 6-7 (Joint Consent Order, Joint Order for Restitution, and Joint Order to Pay Civil Money Penalty), available at http://files.consumerfinance.gov/f/2012-CFPB-0002-American-Express-Centurion-Consent-Order.pdf (consent agreement requiring bank to provide certain disclosure when attempting to collect time-barred debts).

6. The profit potential associated with the collection of time-barred debt presents an irresistible temptation to debt collectors. A recent FTC study found that debt buyers paid on average 3.1 cents per dollar of debt for debts that were 3 to 6 years old and 2.2 cents per dollar for debts that were 6 to 15 years old compared to 7.9 cents per dollar for debts less than 3 years old. Finally, debt buyers paid effectively nothing for accounts that were older than 15 years. *See McMahon v. LVNV Funding, LLC.,* 744 F.3d 1010 (7th Cir. 2014) (quoting Fed. Trade Comm'n The Structure and Practice of the Debt Buying Industry 47 (2013) (FTC Report 2013). The alleged debt at issue is one such debt.

7. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations… When a collector tells a consumer that he/she owes money and requests payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/asset.shtm).

8. Recently, in *McMahon*, the Court of Appeals opined on the views of the Federal Trade Commission, the Consumer Finance Protection Bureau, the Federal Deposit Insurance

Corporation, the Federal Reserve Board, and the Office of Comptroller of the Currency, noting, "As those agencies had argued in the other cases, the court held that when 'collecting on a time barred debt a debt collector <u>must inform the consumer that the collector cannot sue to collect the debt and that providing a partial payment would revive the collector's ability to sue on the balance</u>."

9. In relation to the issue of revival of a debt from partial payment, The United States Court of Appeals for the Sixth Circuit in *Buchanan v. Northland Group, Inc.*, Case No.: 13-2523 (January 13, 2015) held "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk. This point is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably unsophisticated, or whether unreasonably unsophisticated. It is thus not hard to imagine how attempts to collect time- barred might mislead consumers trying their best to repay. *See McMahon*, 744 F.3d at 1021. Without disclosure, a well- meaning debtor could inadvertently dig herself into an even deeper hole. *See* Debt Collection, 78 Fed. Reg. at 67,876 ("Consumers may believe that when they make a partial payment but in many circumstances that is not true.").

**PARTIES**

10. Plaintiff, LISA GARZON ("Plaintiff"), is a natural person who, at all times relevant herein was a resident of Manatee County, Florida.

11. Because the Plaintiff is a natural person obligated or allegedly obligated to pay a debt, she is a "consumer" within the meaning of 15 U.S.C. § 1692(3).

12. Defendant, VISION FINANCIAL COLLECTION SERVICES, CORP., is a foreign corporation whose principal office is located at 5301 E. State Street – Lower Level, Rockford, IL 61108 and whose registered agent for service of process in the state of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

13. Defendant is licensed in the State of Florida as a consumer collection agency, and at all times relevant herein, was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. Among the debts Defendant attempts to collect are debts barred by the statute of limitations.

## FACTUAL ALLEGATIONS

15. On or about March 19, 2015 Defendant sent Plaintiff a letter seeking to collect a consumer debt. (Exhibit 'A').

16. The alleged debt arose from one or more personal, family, or household transaction, and is therefore, a "debt" within the meaning of 15 U.S.C. § 1692a(5). Specifically, Plaintiff sought to collect a debt associated with a Bank of America credit card.

17. Upon information and belief, the date of last payment for the Bank of America credit card was made on or about October 1, 2010.

18. More then four (4) years have passed since the date of last payment.

19. Any statute of limitations that could be applicable to the subject debt has expired.

20. Exhibit 'A', is an offer to settle a debt and contains some of the following statements:

- "Account Balance: $6,724.06 – Settlement: $4,841.32"
- "Cavalry Portfolio Services has authorized Vision Financial Corp. to communicate to you an offer that will allow you to resolve the outstanding debt at this time."
- Cavalry Portfolio Services will accept $4,841.32 to resolve this debt."

21. Defendant has failed to inform Plaintiff that she could not be sued to collect the subject debt and therefore she had no legal obligation to settle. Further, Defendant failed to inform Plaintiff that by providing a partial payment; she would revive the collector's ability to sue on the balance.

## COUNT I

22. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

23. Defendant engaged in unlawful and deceptive acts in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending the Plaintiff a collection letter on a time-barred debt without disclosure of the fact that they could not legally enforce the debt and that partial payment would revive the debt.

24. As a result of Defendant conduct, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

25. Plaintiff is also entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff requests that this Court enter judgment in his/her favor and against Defendant for:

    a. Statutory Damages pursuant to 15 U.S.C. § 1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suite; and

    c. Such other or further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by Jury.

    Christopher W. Legg, P.A.
    Attorney for Plaintiff
    3837 Hollywood Blvd., Ste B
    Hollywood, FL 33021

Telephone:  (954) 962- 2333
ChrisLeggLaw@gmail.com

By: /s/ *Christopher Legg*
CHRISTOPHER W. LEGG, ESQ
Florida Bar No.: 44460